IN THE MATTER OF THE APPLICATION OF THE ULSTER AND DELAWARE RAILROAD COMPANY FOR THE APPOINTMENT OF COMMISSIONERS OF APPRAISAL, RESPONDENT, *v.* FREDERICK W. GROSS, APPELLANT.

*Taking of land for public purposes — right to charge the owner with the costs of the proceedings — Constitution, art.* 1, *sec.* 6.

APPEAL by Frederick W. Gross from the appraisal and report of the commissioners appointed in proceedings instituted by the Ulster and Delaware Railroad Company to acquire title to real estate, and from an order confirming the report of the said commissioners and from a clause therein charging the services and expenses of said commissioners against the sum awarded to the appellant for the lands taken.

The commissioners fixed the damages at $3,500.  It was claimed by the company that it had prior to the commencement of the proceedings offered the appellant $4,500 for the land.

The court at General Term after considering the testimony and holding that the appraisal of damages should be affirmed, said : " On another point, however, we are of the opinion that injustice was done to him.  By the order of the court confirming the award it is found that the railroad company offered the appellant a greater compensation than that awarded by the commissioners.

" It appears that the railroad and its predecessor had been occupying the land for many years, apparently under the expectation of some arrangement as to price or under some actual arrangement

Finally the appellant, in 1881, brought ejectment. In April, 1882, these proceedings were commenced. And the railroad company claim that a few months prior to such commencement they made an offer. Of course the acceptance of the offer would have been a voluntary ending of the ejectment suit. Yet apparently the appellant had a good cause of action in that ejectment suit. So the petition indicates, as it avers, the appellant to be the owner in fee. Now, without deciding a question of veracity or of recollection between the conflicting affiants, we may say that the offer if made and accepted would have caused the appellant to lose his costs incurred in the ejectment suit. It could not, therefore, be considered a clean offer of the amount said to have been named. Under these circumstances we think that it would be unjust to compel the appellant to pay the services and expenses of the commissioners herein.

" We may add here that as private property cannot be taken without just compensation (Const., art. 1, sec. 6), we have great doubt whether the expenses of taking it can ever be charged against the person whose property is taken. Suppose, for illustration, that the value of the property were no greater than the expenses of the commissioners; if the owner of the property could be made to pay their expenses he would receive no compensation whatever. And whenever he is made to pay such expenses, he fails to receive just compensation to that extent. We have no occasion to inquire what the effect of this proceeding may be as to the costs in the ejectment suit.

" The order is reversed as to the requirement that the services and expenses of the commissioners be paid by Mr. Gross; otherwise affirmed, with costs of the appeal to the appellant against the railroad company.

*William Lounsbury,* for the appellant.

*S. L. Stebbins,* for the respondent.

Opinion *Per Curiam.*

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Order modified by requiring the railroad company to pay the expenses and services of the commissioners, and as modified affirmed, with costs of the appeal to the owner.